CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2008

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT STEVEN JOYCE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00295 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TIM WOODS, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Robert Steven Joyce, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. As Joyce has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleading as a request to proceed in forma pauperis and deny that request.

According to court records, the court has dismissed at least three of Joyce's previous civil rights complaints on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, Joyce may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Joyce has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.

---

[1] See Joyce v. Cassel, et al., Civil Action No. 7:03cv00353 (W.D. Va. Nov. 17, 2003) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)); Joyce v. Thomas, Civil Action No. 7:07cv00198 (W.D. Va. May 14, 2007) (dismissed for failure to state a claim); Joyce v. Thomas, Civil Action No. 7:07cv00447 (W.D. Va. Sep. 24, 2007) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1)).

[2] Joyce alleges that defendant Woods, a probation officer for the state of Virginia, blocked his access to the court by denying him permission to go see his attorney, with whom he had an appointment in the Spring of 2007; was deliberately indifferent to his medical needs by denying him "permission to go to the doctor. . . [and] saying [that the] judge did not give permission" and also denying him permission to go to Wake Forest University Eye Center on April 9, 2008; "arbitrarily revoked [his] bond" in that Woods never recommended him for bond and then "vindictively retaliated" against him by having his bond "arbitrarily revoked" on April 9, 2008; "arbitrarily violated [him] on his probation"; and "violated the separation of church and state law [by] using plaintiff's religious convictions to calculate guidelines for sentencing" by questioning him concerning his religious conviction "in the process of filling out a presentence report" while Woods is an "avid church attender and Sunday School teacher." Along with his complaint, Joyce encloses a letter, dated April 9, 2008, from Woods to the Henry County Circuit Court in which Woods informs the court that he believes Joyce has violated his conditions of probation. The letter states that Joyce may have violated "Condition #1: I will obey all Federal, States, and local laws and ordinances," based on his appearance in the Henry County Circuit Court on March 27, 2008, at which he was "found guilty of either Aggravated Malicious Wounding or Malicious Wounding (to be determined at sentencing date) and Damaging Property." According to the letter, Joyce's sentencing date is scheduled for May 28, 2008. The court finds that based on his allegations, Joyce has not demonstrated that he is under imminent danger of serious physical harm.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 30th day of April, 2008.

_____
United States District Judge